AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 8:19MJ379
One LG Cellphone )
Model: LML212VL )
FCC ID: ZNFX210VPP IMEI: 357021099840600 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ____Nebraska____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21:841, 846 | Conspiracy to distribute and possess with intent to distribute controlled substance |

The application is based on these facts:

See Attached Affidavit

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

☐ Sworn to before me and signed in my presence.   TINA CLEVELAND, DEA TFO
*Printed name and title*

☒ Sworn to before me by telephone or other
reliable electronic means.

Date: 8-14-19

*Judge's signature*

City and state: Omaha, Nebraska   SUSAN M. BAZIS, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Task Force Officer Tina Cleveland, being first duly sworn, hereby state as follows:

### INTRODUCTION AND AGENT BACKGROUND

- I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in the Probable Cause Affidavit.

- I, Tina Cleveland, am a Task Force Officer with the United States Department of Justice, Drug Enforcement Administration (DEA). I am a criminal investigator for the United States within the meaning of Title 21, United States Code, Section 878, and therefore I am empowered to conduct investigations of, and make arrests for, the offenses enumerated in Title 21 and Title 18. I have been a Task Force Officer with the DEA since March of 2014, and I am currently assigned to the Sioux City DEA Resident Office, Group 57, as a criminal investigator dealing primarily with investigations involving violations of Title 21, United States Code. Including my employment as a Task Force Officer with the DEA, I am a Drug Investigator for the Nebraska State Patrol and have been so employed since August, 2005. While employed by the Nebraska State Patrol (NSP), I received a Drug

Investigation training provided by NSP. This training included in part: identification of various types of controlled substances by sight and odor; the way in which controlled substances are packaged, marketed, and consumed; drug testing; informant handling; evidence handling; search and seizure law; law involving conspiracy; and surveillance and investigative techniques. I have participated in search warrants involving the seizure of controlled substances, documents and property associated with the sale of controlled substances, and proceeds from the sale of illicit drugs. I have also received additional training in methods used by drug trafficking organizations to legitimize proceeds from the sale of illicit drugs and the means that organizations employ to conceal proceeds of drug trafficking activity.

- This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

The property (Device) to be searched is as follows:

One LG Cellphone
Model: LML212VL
FCC ID: ZNFX210VPP IMEI: 357021099840600
(Hereinafter referred to as Device 1)

The Device is currently located at the Sioux City DEA Resident Office in the Non-drug temporary storage.

- The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in this Affidavit.

## PROBABLE CAUSE

- During the timeframe of June 2019 through July 2019, a Confidential Source (CS) made controlled buys of methamphetamine from Pedro VALDOVINOS along with Leagsaidh HARGREAVES present. During June 2019-July 2019, Agents conducted surveillance of Pedro VALDOVINOS and Leagsaidh HARGREAVES. A DEA Confidential Source made telephonic contact with VALDOVINOS to make controlled buys for methamphetamine. Leagsaidh HARGREAVES was present during a controlled buy and was present when VALDOVINOS drives to pick up methamphetamine.

- DEA Agents conducted surveillance of controlled buys during June 2019-July 2019 and after telephonic communication with VALDOVINOS, agents observed VALDOVINOS at 3428 El Dorado Way South Sioux City NE where he sold methamphetamine to the Confidential Source.

- On August 1, 2019, Task Force Officer (TFO) Josh Hogue applied for and received a Federal search warrant for the residence of 3428 El Dorado Way South Sioux City, Nebraska. This address is known to be the address of Pedro VALDOVINOS and other family members. A search on the State of Nebraska Assessor's website lists the owners of the residence Apolinar & Adela VALDOVINOS.

- On August 5, 2019, DEA Sioux City Resident Office Agents executed a federal search warrant at 3428 El Dorado Way South Sioux City, Nebraska.
- During the execution of the Federal search warrant at 3428 El Dorado Way South Sioux City NE, Agents located a large amount of methamphetamine (field tested positive), packaging materials, scales, cell phones, paraphernalia, 4 handguns and a large undetermined amount of U.S. Currency. Located on Pedro VALDOVINOS' and Leagsaidh HARGREAVES' bedroom window seal was a cellular phone. This cell phone has a phone number of 702-467-5081. This is the same phone number that a DEA Confidential Source used to contact Pedro VALDOVINOS during controlled buys of crystal methamphetamine. Task Force Officer Tina Cleveland confiscated this cellular phone resulting in the seizure of Device 1.
- Task Force Officer Alex O'Dell and Josh Hogue conducted an interview with VALDOVINOS after VALDOVINOS was detained on a Federal search warrant. VALDOVINOS told TFO's O'Dell and Hogue at first that one of the large baggies of methamphetamine and 3 handguns that were located in a speaker inside his bedroom, VALDOVINOS was holding for someone else. The other large baggie of methamphetamine inside his bedroom drawer was his. VALDOVINOS later in the interview claimed all the methamphetamine, handguns, U.S. Currency and all other evidentiary items seized were his.
- In my training and experience, I know drug traffickers make use of cellular telephones and mobile devices to conduct a large part of their business.

These devices contain information that often include drug suppliers and customers contact information, drug ledgers and notes, photos, and short message communications between drug supplier and customer.

- The aforementioned Device is currently in the lawful possession of the DEA at the Sioux City Resident Office. It came into possession of the DEA by being seized incident to arrest. I seek this warrant out of an abundance of caution to be certain that an examination of this Device will comply with the Fourth Amendment of the United States Constitution and other applicable laws.

- The Device is currently in storage at 2600 Voyager Avenue, Sioux City, Iowa. In my training and experience, I know that this device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the device first came into the possession of the DEA.

## TECHNICAL TERMS

- Based on my training and experience, I use the following technical terms to convey the following meanings:

- Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless

telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

- Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.
- Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio,

video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

- GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

- PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.
- Tablet: A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, that is primarily operated by touching the screen. Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions. Apps can, for example, permit accessing the Web, sending and receiving e-mail, and participating in Internet social networks.

- Pager: A pager is a handheld wireless electronic device used to contact an individual through an alert, or a numeric or text message sent over a telecommunications network. Some pagers enable the user to send, as well as receive, text messages.

- IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

- Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

- Based on my training, experience, and research, I know that the Device has the capabilities to allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, pager and PDA. In my training and experience, examining data stored on devices of this type can

uncover, among other things, evidence that reveals or suggests who possessed or used the device.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

- Based on my knowledge, training, and experience, I know that the electronic device can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

- *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how this Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    - Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).
    - Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

- A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.
- The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.
- Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.
- *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of this device consistent with the warrant. The examination may require authorities to employ techniques, including

but not limited to computer-assisted scans of the entire medium, that might expose many parts of this device to human inspection in order to determine whether it is evidence described by the warrant.

- *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

- I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in the Application and this affidavit to seek the items described in Technical Terms section.

*(signature)*
Tina Cleveland, DEA TFO

Subscribed and sworn to before me on this __14__ day of August, 2019.

*(signature)*
SUSAN M. BAZIS
U.S. Magistrate Judge
District of Nebraska

## ATTACHMENT A

The property (Device) to be searched is as follows:

One LG Cellphone
Model: LML212VL
FCC ID: ZNFX210VPP IMEI: 357021099840600
(Hereinafter referred to as Device 1)

The Device is currently located at the Sioux City DEA Resident Office in the Non-drug evidence vault.

This warrant authorizes the forensic examination of this Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

- All records on this Device described in Attachment A that relate to violations of Title 21 USC 846 and involve Pedro VALDOVINOS and Leagsaidh HARGREAVES, including:

    - lists of customers and related identifying information;
    - types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
    - any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
    - any information recording Pedro VALDOVINOS Leagsaidh HARGREAVES and schedule or travel;
    - all bank records, checks, credit card bills, account information, and other financial records.

Evidence of user attribution showing who used or owned this Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| In the Matter of the Search of </br></br> One LG Cellphone </br> Model: LML212VL </br> FCC ID: ZNFX210VPP IMEI: 357021099840600 | ) </br> ) </br> ) Case No. 8:19MJ379 </br> ) </br> ) </br> ) |

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Nebraska _____
*(identify the person or describe the property to be searched and give its location):*

SEE ATTACHMENT A (INCORPORATED BY REFERENCE)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

SEE ATTACHMENT B (INCORPORATED BY REFERENCE)

**YOU ARE COMMANDED** to execute this warrant on or before ___August 27, 2019___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Susan M. Bazis___
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:  ___8-14-19 at 3:51 p.m.___              *Susan M Bazis*
                                                                *Judge's signature*

City and state:  ___OMAHA, NEBRASKA___                SUSAN M. BAZIS, U.S. MAGISTRATE JUDGE
                                                                *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 8:19MJ379 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

The property (Device) to be searched is as follows:

One LG Cellphone
Model: LML212VL
FCC ID: ZNFX210VPP IMEI: 357021099840600
(Hereinafter referred to as Device 1)

The Device is currently located at the Sioux City DEA Resident Office in the Non-drug evidence vault.

This warrant authorizes the forensic examination of this Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

- All records on this Device described in Attachment A that relate to violations of Title 21 USC 846 and involve Pedro VALDOVINOS and Leagsaidh HARGREAVES, including:
  - lists of customers and related identifying information;
  - types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
  - any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
  - any information recording Pedro VALDOVINOS Leagsaidh HARGREAVES and schedule or travel;
  - all bank records, checks, credit card bills, account information, and other financial records.

Evidence of user attribution showing who used or owned this Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.